# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THOMAS A. SIMONIAN,

     Plaintiff,

         v.

                                   No. 10 C 1203

                                   Judge James B. Zagel

BUNN-O-MATIC CORPORATION,

     Defendant.

## MEMORANDUM OPINION AND ORDER

## I. STATEMENT OF FACTS

Plaintiff Thomas Simonian ("Simonian" or "Relator") is a resident of Geneva, Illinois, who has taken it upon himself to file this *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292. Defendant Bunn-O-Matic ("Bunn" or "Defendant") is a Delaware corporation that is a leading producer of coffee makers worldwide. Relator Simonian asserts that Defendant Bunn has violated 35 U.S.C. § 292(a) by marking a number of its coffee makers with expired United States Patent Numbers, most of which have been expired for over 20 years.[1]

Bunn has moved to dismiss Simonian's suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] ". . . 3,220,334 ("the '334 Patent) [*sic*] even though the '334 Patent is expired, and has been expired since October 7, 1983; United States Patent Number 3,336,856 (the "'856 Patent") even though the '856 Patent is expired and has been expired since July 25, 1986; United States Patent Number 3,385,201 (the "'201 Patent") even though the '201 Patent is expired and has been expired since February 13, 1987; and United States Patent Number 3,736,155 (the "'155 Patent") even though the '155 Patent is expired and has been expired since May 15, 1992. . ." *See* Compl. ¶ 2.

## II. STANDARD OF REVIEW

### A. 12(b)(6) & 12(b)(1)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

challenges the sufficiency of the complaint for failure to state a claim upon which relief may be

granted. In considering such a motion, the court must accept as true all well-pleaded factual

allegations in the complaint and draw all reasonable inferences from those facts in favor of the

relator. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). To be sufficiently pled, the complaint

need only contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2).

That being said, the pleading standard demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, a

complaint will not suffice if it makes "naked assertions devoid of further factual enhancement."

*Iqbal* at 1949.

A motion based on standing pursuant to Federal Rule of Civil Procedure 12(b)(1) is

subject to the same pleading standard. *Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253,

256-57 (N.D. Ill. 1992)(citations omitted). Furthermore, the relator bears the burden of

establishing that he meets the requirements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 561 (1992). In order to demonstrate standing, the relator must show first that he has

suffered an "injury in fact" – an invasion of a legally protected interest which is both (a) concrete

and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' *Id.* at 560

(internal citations omitted). Second, there must be a causal connection between the injury and

the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant. *Id*. Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 561 (internal citations omitted).

## B. Qui Tam Causes of Action

> *Qui tam* is short for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which means 'who pursues this action on our Lord the King's behalf as well as his own.' The phrase dates from at least the time of Blackstone. See 3 W. Blackstone, Commentaries *160.

> *Vt. Agency of Natural Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 768 n.1 (2000).

## C. The False Marking Statute

> 35 U.S.C. § 292 states, in relevant part:

> (a) [. . . ] Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public [. . . ] Shall be fined not more than $500 for every such offense.

> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

## III. DISCUSSION

## A. 12(b)(1): Article III Standing

## 1. Arguments of the Parties

Bunn argues that Relator must satisfy all three requirements of the *Lujan* standard for Article III standing[2] in order to survive Bunn's 12(b)(1) motion, and that Relator has failed to fulfill even one. Citing *Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009),

---

[2] The three requirements for standing are: (i) Injury in fact, (ii) a causal connection between the injury and the challenged conduct, and (iii) that the injury is "likely" to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61.

Bunn maintains that Simonian must (and has failed to) allege an actual, concrete, or particularized harm to himself or, in his capacity as *qui tam* relator, to the United States in order to prevail on the issue of standing.  In *Stauffer*, the court determined that the injury to the government must be one that stems from "fraudulent or deceptive false marking."  Def.'s Mem. Supp. Mot. Dismiss at 5, quoting *Stauffer*, 615 F. Supp. 2d at 254.  Allegations that the defendant's false patent marking  (1) had "wrongfully quelled competition" causing harm to the United States economy and (2) had, to its benefit, illegally advertised a monopoly it did not possess were too speculative, vague, and in no way "actual or imminent," and could not support standing.  *Id.* at 255.  It is Bunn's assertion that, as Simonian does not allege "any particularized injury at all–much less one stemming from fraudulent false marking–the court need not agree with *Stauffer*" regarding the type of injury that must be pled in order to grant Bunn's motion to dismiss.  Def.'s Mem. Supp. Mot. Dismiss at 5.   Bunn notes that *Stauffer* is currently on appeal before the Court of Appeals for the Federal Circuit.  *Id.*

Simonian relies on *Clontech Labs. Inc., v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005), and *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), to defend his standing to complain on behalf of the United States.  The *Clontech* court, according to the Relator, noted that "Congress has determined that the patent owner – and *not* the public – should bear the cost" of patent expiration.  Rel.'s Mem. Resp. Mot. Dismiss at 2.  According to Simonian, *The Forest Group* further illustrated the Federal Circuit's position on the issue when it explained that a 'cottage industry' of citizen bounty-hunters with incentive to pursue *qui tam* claims "was in fact what Congress had intended by establishing the bounty in the first place." Rel.'s Mem. Resp. Mot. Dismiss at 3, see also *The Forest Group*, 590 F.3d at 1303-4.

4

With regard to injury, Simonian argues that, as *qui tam* relator, he takes a partial assignment of the United States' claim, and need not articulate any particular injury to himself. Rel.'s Mem. Resp. Mot. Dismiss at 7. The injury to the United States occurs from the harm to the public interest when "false marking misleads the public into believing that a patentee controls the article in question[], externalizes the risk of error in the determination [of the patent status of an article], and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in the article." *Id.* at 4 (quoting *Clontech Labs*, 406 F.3d at 1356-7).

In its reply, Bunn argues that Simonian's broad allegations that Bunn's markings are "likely" or "ha[ve] the potential" to cause harm by deceiving the public are not sufficiently 'concrete and particularized' or 'accurate and imminent' to satisfy the standing requirement of injury in fact. Def.'s Rep. Mem. Supp. Mot. Dismiss at 3 (citing Compl.¶¶ 20, 23). Bunn concludes that "while a relator does not have to *suffer* his own injury in fact, the Constitution nonetheless requires that he *assert* a concrete, particularized injury in fact to someone, be it himself, the public, or the United States." Def.'s Rep. Mem. Supp. Mot. Dismiss at 3 (citing *Lujan*, 504 U.S. at 560-61).

## 2. Recent legal developments

*Stauffer v. Brooks Brothers* is a recent § 292 *qui tam* action that was dismissed for lack of Article III standing after the district court for the Southern District of New York concluded that the complaint failed to allege an injury in fact to the public or to the United States. 615 F. Supp. 2d 248, 256 (S.D.N.Y. 2009).

5

In *Stauffer*, a pro se plaintiff brought a *qui tam* action against Brooks Brothers, Inc. and its parent company, Retail Brand Alliance, Inc (collectively, "Brooks Brothers") alleging false patent marking in violation of § 292 of the Patent Act. *Id*. at 248. The relator, Stauffer, contended that Brooks Brothers had falsely marked its 'Original Adjustolox Tie' with several patents expired over 50 years ago. Brooks Brothers responded with a motion to dismiss the complaint pursuant to Federal Rule 12(b)(1).

The lengthy complaint in *Stauffer* alleged that:

> defendants "know, or at least should have known" that the patents had expired, and accordingly, knowingly misrepresented to the public that each of its so-marked bow tie products was covered by a valid U.S. patent. ([Compl.] PP 114-17.) [Stauffer further] alleges defendants have falsely marked their bow ties "for the purpose of, and with the intent of, deceiving the public" and are therefore subject to penalties set forth in Section 292. (*Id*. PP 124-25.)
> By so doing, Stauffer contends Brooks Brothers has "wrongfully quelled competition with respect to such bow tie products." (*Id*. P 129.) In particular, Stauffer alleges Brooks Brothers has "wrongfully and illegally advertis[ed] patent monopolies that [defendants] do not possess," thereby causing harm to the economy of the United States" because the embroidered mark, "has the potential to, discourage or deter" potential competitors "from commercializing a competing bow tie." (*Id*. P 128, 130.) The complaint makes those allegations largely on "information and belief" and provides no further factual allegations in support of that alleged harm. It also contends, in similarly unsupported fashion, that, as a result, defendants "have likely benefitted in at least maintaining their considerable market share with respect to the herein-described bow tie products in the high-end haberdashery marketplace." (*Id*. PP 129-30.)

However, despite its length, the district court concluded that Stauffer's complaint failed to satisfy the "irreducible constitutional minimum" of standing, and granted Brooks Brothers' motion to dismiss.

The United States moved to intervene after the motion was granted, asserting that the opinion cast doubt on the constitutionality of 35 U.S.C. § 292, and the government had a right to address the issue. *Stauffer v. Brooks Brothers, Inc.*, No. 08-CV-10369, 2009 U.S. Dist. LEXIS

51166 (S.D.N.Y. June 15, 2009) at *2. The district court denied the government's motion, finding no basis for granting intervention either as of right or by permission. *Id.* at *15.

The district court's 12(b)(1) decision was appealed in the summer of 2009, and the oral argument before the Court of Appeals for the Federal Circuit is scheduled for Tuesday, August 3, 2010.

**3.  *Simonian v. Bunn*:  Conclusion on Standing**

The Federal Circuit opinion in *Stauffer* will be the first one that is directly on point to the standing issue in this case.  In earlier Federal Circuit opinions (such as *Solo Cup*, discussed *infra*) the court sidestepped any direct address of *qui tam* standing,[3] choosing to focus on the substantive issues; however, in *Stauffer*, standing is the only issue on appeal, and therefore, it must be addressed.  Given that the *Stauffer* decision will be binding on this court, and that the case is already fully briefed before the Court of Appeals for the Federal Circuit with oral arguments less than one week away, an order staying[4] the case pending a decision in *Stauffer* will not cause undue delay.[5]

---

[3] That being said, the Federal Circuit's recent opinions, while addressing standing only obliquely, strongly suggest that *Stauffer* will come out in favor of standing for *qui tam* relators in § 292 cases.

[4] The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Spano v. The Boeing Co.*, No. 06-0743, 2009 U.S. Dist. LEXIS 72432, at *3 n.1 (S.D. Ill. Aug. 17, 2009) (quoting *Walker v. Merck & Co.*, No. 05-CV-360, 2005 U.S. Dist. LEXIS 13693 at *2 (S.D. Ill. June 22, 2005).

[5] Such a stay would also be in keeping with many recent decisions in this and other district courts.  *See Simonian v. Weber-Stephen Products Co.*, No. 10 cv 1220, docket no. 18, (May 12, 2010).

**B. 12(b)(6): Section 292(a) Intent to Deceive**

**1. Arguments of the Parties**

Bunn argues that Simonian has not plead the 'intent to deceive' component of § 292(a) with the requisite particularity under Federal Rule of Civil Procedure 9(b). In support of this argument, Bunn asserts that the requisite specific intent to deceive under the statute is tantamount to fraud, thus requiring particularized pleading pursuant to Rule 9(b). According to Bunn, the Relator here alleges only that Bunn knew or should have known that its patents were expired – an allegation which has no bearing on intent.

Bunn further cites– *inter alia*, nearly forty false-marking complaints recently submitted by Relator or his attorneys–"many of which allege 'facts' that are *identical* with the exception of the particular patent numbers and products in issue." Def.'s Mem. Supp. Mot. Dismiss at 9. The prolific filings of Relator's attorneys support what is plain on the face of the complaint, according to Bunn–that the "only statements offered in support of Bunn's alleged state of mind are precisely the 'formulaic recitation' or '[t]hreadbare recital[]' of an element of a cause of action that *Twombly* and *Iqbal* have proscribed. *Id*. at 10.

Simonian argues that the "fraudulent or deceptive false marking" Bunn declares to be lacking in the pleading is present in its allegation that Bunn misrepresented the unpatented nature of its products by labeling them with expired patent numbers. He says that *Clontech* shows the Court of Appeals for the Federal Circuit's test for whether false marking 'rises to the level of statutory deception: "[i]intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Rel.'s Mem. Resp. Mot. Dismiss

at 3, quoting *Clontech*, 406 F.3d at 1352.

In its reply,[6] Bunn reiterates its arguments regarding lack of specificity in the allegations that it intended to deceive the public, stating again that Simonian's complaint does not rise to the level of specificity required by Federal Rule 9(b) – to which, Bunn says, Simonian concedes it must adhere.  Def.'s Rep. Mem. Supp. Mot. Dismiss at 4.  The 'intent to deceive' issue is fortunately cleared up considerably by the Federal Circuit's recent decision in *Pequignot v. Solo Cup Co.*

## 2.  Recent legal developments

In 2009, the district court for the Eastern District of Virginia granted summary judgment of no liability for false marking in favor of Solo Cup Company.  *Pequignot v. Solo Cup Co.*, 646 F. Supp. 2d 790 (E.D. Va. 2009).  *Qui tam* relator Pequignot appealed to the Court of Appeals for the Federal Circuit, which issued an opinion on June 10 of this year.  *Pequignot v. Solo Cup Co.*, No. 2009-1547, 2010 U.S. App. LEXIS 11820 (Fed. Cir. June 10, 2010).

Solo manufactures disposable cups and plates throughout the world, and has affixed to a number of these items (specifically hot and cold drink cup lids) two different expired patents.  *Id.* at *2.  Solo uses thermoforming stamping machines that contain "mold cavities," and after each patent was granted, the number was added to the mold cavities so that each time a new lid was formed it would feature the patent number stamp.  *Id.* at *3.  The molds can last 15-20 years or

---

[6] There is a footnote discussion in Bunn's reply brief regarding whether expired patents are, in fact, "unpatented articles" for the purposes of § 292 liability.  Def.'s Rep. Mem. Supp. Mot. Dismiss at 3.  Although the issue is not raised by Bunn in its motion to dismiss, Simonian labels the expired patents as "unpatented articles," and Bunn notes that it is not conceding that fact.  *Id.* at 3-4.  This is another issue that is clarified in *Pequignot v. Solo Cup Co.*, No. 2009-1547, 2010 U.S. App. LEXIS 11820, at **11-12 (Fed. Cir. June 10, 2010)

longer. *Id*.

The two main issues in *Pequignot* were (1) whether or not an item marked with an expired patent is "falsely marked" under § 292 of the Patent Act, and (2) whether Solo Cup's expired patent numbers evidenced the requisite "intent to deceive the public" under the Act. The Federal Circuit agreed "with Pequignot and the district court that articles marked with expired patent numbers are falsely marked." *Id*. at *15. Regarding 'intent to deceive,' the court said it agreed with Solo that "under *Clontech* and under Supreme Court precedent, the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public. . . " *Id*.

While "the presumption cannot be rebutted by 'the mere assertion by a party that it did not intend to deceive[,]" *id*. at *16, the Court of Appeals concluded that "mere knowledge that a marking is false is insufficient to prove intent" only if the defendant "can prove that it did not consciously desire the result that the public be deceived." *Id*. at *17. Solo was able to successfully rebut the presumption of intent by providing "credible evidence that its purpose was not to deceive the public. . ." *Id*.

### 3. Simonian v. Bunn: Conclusion on Intent to Deceive

Here, all of the facts alleged in the complaint must be taken as true. Simonian has alleged that Bunn made a false statement (application of expired patents) and that it did so knowingly, or that it should have known. Compl. ¶¶ 2, 18. Bunn has not had the opportunity to provide credible evidence regarding its deceptive or innocent purpose in applying expired patent numbers to its products, thus, the presumption of intent to deceive cannot have been rebutted at this point, and granting a motion to dismiss under Federal Rule 12(b)(6) is improper at this time.

## IV. CONCLUSION

I order the case be stayed until the Federal Circuit issues its opinion in *Stauffer v. Brooks Brothers*. For the reasons stated above, I will deny the Rule 12 dismissal motions if I find that Simonian has standing.

ENTER:

James B. Zagel
United States District Judge

DATE: August 23, 2010